**Charles W. FOSTER, Plaintiff,**

v.

**DONORA SOUTHERN RAILROAD COMPANY, a corporation, Defendant.**

**Civ. A. No. 11605.**

United States District Court
W. D. Pennsylvania.

Sept. 24, 1956.

Frederic G. Weir (of Oliver, Brandon & Shearer), Pittsburgh, Pa., for plaintiff.

**298**

Gilbert J. Helwig (of Reed, Smith, Shaw & McClay), Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This proceeding involves a claim for damages under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

Upon jury trial, a verdict was returned in favor of plaintiff in the amount of $25,000.

The immediate matter before the court relates to a motion for new trial on the sole ground that the verdict was excessive.

Defense counsel at time of argument waived any additional contention in support of his motion for new trial, asserting that he is satisfied that sufficient evidence was adduced at time of trial to sustain defendant's liability.

Plaintiff was thirty-two years of age and his life expectancy was 40.6 years at the time of the accident. Abridged Life Tables, U.S.1953, U.S.Dept. of Health, Education and Welfare.

Plaintiff sustained a severe lumbar sprain, sacroiliac sprain, and a probable herniated intervertebral disk. In addition, based upon a report of defendant's physician, the jury further could have concluded that plaintiff suffered a fracture of one of the transverse processes of the spine. Plaintiff was hospitalized for twenty-six days, subjected to traction and considerable physiotherapy treatment. Wages were lost in the amount of $600 and a medical bill was incurred in the amount of $200.

I do not feel, as defendant contends, that the verdict of a jury should be disturbed because the award is far in excess of the special damages. Special damages were greatly minimized by reason of the rendition of most of the medical services at the defendant's expense.

The evidence of residual pain buttressed by a record replete with treatments geared to ameliorate pain over an extended period of time is sufficient to support the conclusion that plaintiff's pain will continue for the remainder of his life, with a strong probability of his physical condition deteriorating.

Viewing a verdict of this size, I am further impelled to take cognizance of the deflated value of the dollar. Hord v. National Homeopathic Hosp., D.C., 102 F.Supp. 792, affirmed 92 U.S.App.D.C. 204, 204 F.2d 397.

The court should not set aside a verdict on the ground that it is excessive unless it is so high as to shock the conscience. In the absence of any showing that the jury was biased or acted capriciously or unreasonably, the court will not interfere with the verdict. Foresman v. Pepin, D.C., 71 F.Supp. 772, affirmed 3 Cir., 161 F.2d 872; Thomas v. Conemaugh & Black Lick R. Co., 3 Cir., 234 F.2d 429.

Motion for new trial will be refused.

An appropriate Order is entered.