The **KROGER COMPANY**, Appellant,

v.

**Martha Donna RAWLINGS**, Appellee.

The **KROGER COMPANY**, Appellant,

v.

**Douglas RAWLINGS**, Appellee.

No. 13258.

United States Court of Appeals
Sixth Circuit.
Feb. 14, 1958.

Olin White, Nashville, Tenn., for appellant.

Jack Norman, Nashville, Tenn., for appellees.

Before ALLEN and MILLER, Circuit Judges, and MATHES, District Judge.

SHACKELFORD MILLER, JR., Circuit Judge.

These two actions were filed separately by the appellees in the Circuit Court of Davidson County, Tennessee, and thereafter removed by the appellant in each case to the United States District Court, where they were consolidated and tried together to the same jury.

The actions arose out of an automobile accident in Nashville, Tennessee, caused by the alleged negligent operation of one of appellant's tractor-trailers by its employee. Mrs. Rawlings was driving an automobile owned by her husband, who was not in the car at the time, with which the tractor-trailer collided. Mrs. Rawlings sought damages for personal injuries suffered by her. Mr. Rawlings sought damages for property damage to his car, doctors' bills and medical expenses incurred by reason of his wife's injuries, and for loss of services of his wife by reason of her injuries. The jury returned separate verdicts of $20,000 for the appellee, Martha Donna Rawlings, and $5,000 for the appellee, Douglas Rawlings, her husband, upon which judgments were entered.

On motion for a new trial, filed by appellant in each case, the District Judge suggested a remittitur of $5,000 in the case of Mrs. Rawlings and overruled the motion in the case of Mr. Rawlings. The suggested remittitur was accepted by Mrs. Rawlings. Thereafter, the record does not show the entry of a new judgment for $15,000 nor an order so modifying the earlier judgment. However, Mrs. Rawlings in her written acceptance of the suggested remittitur states that it thereby reduced the judg-

ment to $15,000, and the appellant in its notice of appeal proceeded upon the same theory. For our present purposes we will follow that theory. An appeal was taken in each case. They are considered by us in this joint opinion on the consolidated record.

Appellant's single contention is that the final judgments of $15,000 and $5,000 awarded the two appellees were so excessive as to require a new trial or a further remittitur by this Court. No complaint is made of the trial other than the size of the verdicts.

■ It is the well settled rule in this circuit that in the absence of any showing of bias, passion or corruption upon the part of the jury, the question of excessiveness of a jury verdict in an award of damages is primarily for the trial court and is reviewable only on appeal for abuse of discretion. Rule 59(a), Rules of Civil Procedure, 28 U.S.C.A.; Werthan Bag Corp. v. Agnew, 6 Cir., 202 F.2d 119, 121–122; Spero-Nelson v. Brown, 6 Cir., 175 F.2d 86, 89. In a personal injury suit damages are unliquidated and there is no fixed measure of mathematical certainty. An award will not be set aside by the reviewing court unless it is so large as to strike the court that it is manifestly unjust, such as being the result of passion or prejudice or a disregard of the evidence or the rules of law. Tennessee Copper Co. v. Smith, 6 Cir., 216 F.2d 428; Imperial Oil, Ltd. v. Drlik, 6 Cir., 234 F.2d 4, 10–11.

■ It is also the settled rule that in considering whether a verdict is excessive the Court can consider the present deflated value of the dollar. Foster & Creighton Co. v. Hale, 32 Tenn.App. 208, 222 S.W.2d 222, 227; Dixie Greyhound Lines v. Woodall, 6 Cir., 188 F.2d 535; Foster v. Donora Southern R. Co., D.C., 144 F.Supp. 297, affirmed, 3 Cir., 241 F. 2d 714; Annotation, 12 A.L.R.2d 611.

■ In considering appellant's contention, we do not treat the two verdicts as though they constituted a single verdict of $20,000 in favor of the appellees jointly. Each verdict is a separate one

to be judged separately by the particular facts applicable to it.

■ So considered, the complaint with respect to the verdict in favor of Mr. Rawlings can be disposed of at the outset as being without merit. Although the property damage and hospital, doctor and medical expenses totaled only $1,094.88 according to the receipted statements introduced in evidence, there was the possibility of future medical expenses of uncertain amount and over an indefinite period of time, and the intangible factor of loss of services both for the past and in the future. We do not consider it excessive under the rule.

■ Appellant's chief argument with respect to the $15,000 judgment of Mrs. Rawlings is that she suffered no broken bones or scars and that there was substantial evidence that her injuries were not permanent. However, they were serious and of long duration. The accident occurred on October 12, 1955. Following the accident she was taken to the hospital on October 12. She was removed by ambulance to her home on October 19. She sustained a "whiplash" injury to her neck with the result that the ligaments or soft structure that held her cervical vertebrae together were torn or bruised. For that reason a large, metallic, padded brace, known as a Thomas collar was worn by her constantly for about six months and thereafter when she rode in an automobile, when going shopping, or when she was sitting very long in one position. It was still being used at the time of the trial, about a year and four months after the injury. She testified at the trial that she continued to have pain in the back of the neck, that at times the muscles would spasm to the point where she could hardly talk, and that she had terrific headaches which could not be eased. She also had a painful injury to her foot, for which the foot was put in a cast for a while. The doctor testified that she also received a frozen shoulder and was still suffering from residual nervous shock but that it was his opinion that she would in the course of a few more months have complete heal-

ing of her injuries without any residual disability.

We are of the opinion that the judgment in favor of Mrs. Rawlings, as reduced by the remittitur, was not excessive under the rule.

The judgments are affirmed.