**Lloyd HONEBEIN and Glen Hoxworth, Appellants,**

v.

**Earl McDONALD, Appellee.**

**No. 16852.**

United States Court of Appeals Eighth Circuit.

Feb. 26, 1962.

Lyle E. Strom, Omaha, Neb., Fitzgerald, Hamer, Brown & Leahy, Omaha, Neb., on the brief, for appellants.

Malcolm D. Young, Omaha, Neb., Young & Denenberg, Omaha, Neb., on the brief, for appellee.

Before VOGEL, BLACKMUN and RIDGE, Circuit Judges.

VOGEL, Circuit Judge.

Earl McDonald, plaintiff (appellee), brought this action for damages by reason of personal injuries he claimed to have sustained in an automobile accident occurring on August 18, 1959, which resulted in a jury verdict in his favor in the amount of $15,000. It was plaintiff's contention that he had been operating

an automobile on a highway and that upon coming to a railroad crossing where the signal lights were flashing, indicating the approach of a train, he came to a stop; that while so stopped he was struck in the rear by a truck operated by the defendants (appellants); that the force of the impact drove the plaintiff's automobile across the railroad tracks for some considerable distance and into a roadside bank; that the defendants' semi-trailer truck came to rest next to the plaintiff's automobile; that the plaintiff's automobile was demolished; that the semi-trailer truck skid marks extended over 264 feet; that plaintiff had had disc surgery at the Mayo Clinic, Rochester, Minnesota in 1936, and a spinal fusion in 1938; that at the time of this accident, August 18, 1959, he was well and strong and fully recovered from the operation; that in this accident he was severely and permanently injured and that the injuries so received aggravated and disturbed the pre-existing condition of plaintiff's spine.

Just preceding the commencement of trial, the defendants admitted liability for the accident. Accordingly, the only issues submitted to the jury involved proximate cause and amount of recovery. Subsequent to the jury's verdict, defendants moved for a new trial. Upon denial of that motion this appeal followed.

The errors alleged here are limited to: (1) whether the trial court committed error in its instructions relative to the measure of damages; and (2) whether the trial court abused its discretion in refusing to grant a new trial on the claimed ground that the damages granted were grossly excessive.

■ We first consider defendants' claimed error in the court's instructions to the jury. After instructing the jurors that the defendants had admitted legal liability for any injury and consequent damages the plaintiff might have suffered as a proximate result of the accident, the court instructed that the only issues remaining for the jury to determine were:

"1. What injury, if any, to the plaintiff was proximately caused by the accident; and

"2. The amount of damages, if any, the plaintiff is entitled to recover."

The trial court carefully instructed that damages for personal injuries "cannot be based upon mere speculation, probability or uncertainty, but must be based upon competent evidence that permanent damages, clearly shown, are reasonably certain as a proximate result of the injuries sustained." In dealing with the pre-existing condition of plaintiff's back as alleged in plaintiff's complaint and established in the evidence, the court instructed the jurors as follows:

"If you find that the condition of the plaintiff's back was a pre-existing condition to the accident in question here, and if you find that the condition had become dormant or static, but that it was activated by the accident on August 18th, 1959, the plaintiff would then be entitled to such sum as would fully and fairly compensate him for such pain and suffering and injuries that were activated on August 18, 1959, and in that event defendants would be entitled to no reduction on account of any pre-existing condition of plaintiff's back.

"Bear in mind that you are not to assess damages for any injury or condition from which the plaintiff may have suffered or may now be suffering, unless it has been established by a preponderance of the evidence that such injury or condition was proximately caused by the accident in question."

Out of the presence of the jury counsel were allowed to make their objections to the instructions. Defendants' counsel stated:

"Come now the defendants and take exception to the Court's charge for failing to charge as requested in defendants' requested instruction

number two, to the effect that in this case the plaintiff alleges that he had a pre-existing condition in his back resulting from the removal of a disc and a fusion of the vertebrae in his lumbar spine and low back area. The defendants are not responsible for the disability, if any, which plaintiff may have had on or before August 18, 1959, because of such condition or any previous aggravation thereof.

"If, however, you find from the preponderance of the evidence that the plaintiff has sustained an aggravation of this pre-existing condition which has been proximately caused by the defendants' negligence, then you will take such aggravation into consideration in determining the amount of damages, if any, to which plaintiff is entitled."

To which the court replied:

"That has been given in substance, so the exception will be overruled."

Nowhere in defendants' exception was the trial court apprised of any objection to the instructions as given. Defendants limited their objection to failure on the part of the trial court to give requested instruction No. 2 but did not indicate wherein the charge as given failed to include the law as set forth in the request. In a like situation, the late Judge Riddick, speaking for this court in Hansen v. St. Joseph Fuel Oil & Mfg. Co., 8 Cir., 1950, 181 F.2d 880, 886, certiorari denied 340 U.S. 865, 71 S.Ct. 89, 95 L.Ed. 632 said:

"The Federal courts have always held that an objection in the language quoted presents nothing for an appellate court to review, because it does not indicate specifically wherein the charge given by the court failed to include the law as requested or to point out precisely the alleged conflict between the requests refused and the charge given. Beaver v. Taylor, 93 U.S. 46, 55, 23 L.Ed. 797; American Sugar Refining Company v. Nassif, 1 Cir., 45 F.2d 321,

326; Detroit Edison Co. v. Stricker et al. [6 Cir., 65 F.2d 126], supra; Hall v. Aetna Life Ins. Co. [8 Cir., 85 F.2d 447], supra; O'Connor v. Ludlam, 2 Cir., 92 F.2d 50, 54. Rule 51 of the Federal Rules of Civil Procedure, which provides that 'No party may assign as error the giving or the failure to give an instruction unless he objects thereto * * * stating distinctly the matter to which he objects and the grounds of his objection,' is but a statement of what Federal courts have said prior to the adoption of the rules. The reason for the rule is that fairness to the trial court and to the parties to an action requires that 'objections to a charge must be sufficiently specific to bring into focus the precise nature of the alleged error.' Palmer v. Hoffman, 318 U.S. 109, 119, 63 S.Ct. 477, 483, 87 L.Ed. 645, 144 A.L.R. 719; Hall v. Aetna Life Ins. Co., supra; Krug v. Mutual Benefit Health & Accident Ass'n, 8 Cir., 120 F.2d 296, 301. The objection relied on by appellant in this case failed to direct the attention of the trial court specifically to the alleged points of conflict between the court's charge and the law as stated in appellant's requests. Neither this court nor the trial court is under the duty of assuming the burden of comparison and analysis of the charge given and the instructions requested which appellant attempts to place upon them."

See also Judge Gardner's discussion and analysis of Rule 51 in Holliday v. Great Atlantic & Pacific Tea Co., 8 Cir., 1958, 256 F.2d 297, at pages 301 and 302.

Additionally, appellate courts have consistently held that a trial judge may use his own language in giving instructions to a jury and may not be forced to use the particular verbiage of a requested instruction. See, e. g., Partlow v. Goldstein, 8 Cir., 1959, 263 F.2d 169, 171; Herzog v. United States, 9 Cir., 1955, 226 F.2d 561, 565–566, certiorari denied 352

U.S. 844, 77 S.Ct. 54, 1 L.Ed.2d 59; United States v. Smith, 3 Cir., 1953, 206 F.2d 905, 911; and cases cited therein. If the language used in the instructions adequately, correctly and understandably presents the issues to the jury, then no fault may be found therewith. We have examined the court's entire charge and find that considered as a whole it meets such test. Defendants' requested instruction No. 2 was merely a rewording of the damage issue as it involved the pre-existing condition of the plaintiff's spine. We conclude here that there was no error in the instructions given and none in denying defendants' request.

Defendants' second claim of error is based upon the trial court's refusal to grant a new trial on the ground that the verdict was not supported by the evidence and, further, was grossly excessive. We have examined the entire record. A recitation of the lay and medical testimony with reference to plaintiff's injuries, the pre-existing condition of his spine, the result this accident had thereon, and the question of permanency would add nothing but length to this opinion. Suffice it to say that there is substantial testimony in the record to justify the conclusion that plaintiff sustained serious and permanent injury and that such was the proximate result of the accident of August 18, 1959. There remains, then, only the question of excessiveness of the verdict.

This court has consistently and for many years refused to review a judgment on the claimed ground of excessiveness. It is intimated by the defendants here, however, that Judge Blackmun, in Solomon Dehydrating Co., Inc. v. Guyton, 8 Cir., 1961, 294 F.2d 439, certiorari denied 368 U.S. 929, 82 S.Ct. 366, 7 L.Ed. 2d 192, let the camel's nose under the tent or opened the door at least slightly when he said at pages 447–448:

"  *   *   *   And we wonder whether in fact we did start 'to wobble a bit'

eleven years ago, as suggested at page 802 of 289 F.2d. We do emphasize again, however, that in our opinion, inadequacy or excessiveness of a verdict is basically, and should be, a matter for the trial court which has had the benefit of hearing the testimony and of observing the demeanor of the witnesses and which knows the community and its standards; that this is a responsibility which, for better working of the judicial process and for other seemingly obvious reasons, is best placed upon its shoulders; and that *we shall continue to consider review, as we have said before, not routinely and in every case, but only in those rare situations where we are pressed to conclude that there is 'plain injustice' or a 'monstrous' or 'shocking' result.* Perhaps this is saying nothing more and nothing different than what the other courts of appeals have said in varying language. Perhaps in practice this court has observed a somewhat tighter standard than the others. In any event, we still adhere to it." (Emphasis supplied.)

Regardless of how, when or by whom, it is perhaps true that the camel's nose is under the tent. But if so, it is only the nose and we have no intention of letting the whole animal inside. So limited, our review of the complete record does not justify the conclusion that the amount of the verdict here is plainly unjust, monstrous or shocking. Defendants may not prevail on their second contention.

Plaintiff has asked that this court award damages and attorney's fees in accordance with our Rule 21(b), 28 U.S. C.A. We have considered the request but do not believe that the situation here requires the application of the punitive provisions of that rule. The request is accordingly denied.

Affirmed.