**SELB MANUFACTURING COMPANY, a Division of Western, Inc., a Corporation, and Blades Manufacturing Corporation, a Corporation, Appellants,**

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS, DISTRICT NO. 9, a Labor Organization, Appellee.**

**No. 16995.**

United States Court of Appeals Eighth Circuit.

July 6, 1962.

Rehearing Denied Aug. 15, 1962.

Glenn L. Moller, St. Louis, Mo., for appellants, and Bernard A. Barken, St. Louis, Mo., on the brief.

Donald S. Siegel, St. Louis, Mo., for appellee, and Malcolm L. Bartley, of Bartley & Bartley, St. Louis, Mo., on the brief.

Before SANBORN, BLACKMUN and RIDGE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the District Court entered December 27, 1961, granting enforcement of an arbitration award in an action brought under § 301(a) of the Labor Management Relations Act, 1947,[1] by the appellee, a labor union, for specific enforcement of the award.

The award was made January 11, 1961, pursuant to the provisions of a collective bargaining agreement between the parties, providing for the arbitration of grievances. The arbitration proceeding, which was participated in by both parties, was initiated by the Union on October 10, 1960, by notice to the appellants that the Union desired to arbitrate the grievance "regarding the shipping of jobs and machines out of the St. Louis Area and the layoff of employees as a result of such action."

The Union's agreement with the appellants contained an Article XX reading as follows:

"Sub-Contract Work.

"The Companies [appellants] will not, so long as equipment and personnel are available, sub-contract work which is customarily performed by employees in the bargaining unit to any other Company. When necessary to sub-contract work, every effort shall be made to give the work to a contractor who employs members of the International Association of Machinists."

The record shows that an arbitration panel was constituted as provided in the bargaining agreement, and that at the outset of the arbitration hearing the parties agreed to submit for the decision of the panel the following:

"(1) The arbitration panel may decide whether or not it may consider Article XX of the contract in determining whether or not the grievance that is being arbitrated has merit.

"(2) If the panel decides that it may consider Article XX, then it may decide whether or not the defendants violated Article XX."

The arbitration panel determined that the appellants, by shipping machinery and equipment from their plants in St. Louis to subsidiary plants in Arkansas and Colorado—thereby causing em-

---

1. 61 Stat. 156, 29 U.S.C.A. § 185(a).

ployees in the St. Louis plants to be laid off—had violated both the letter and spirit of that Article. The arbitration award and the judgment compelling its enforcement require the appellants (1) to return to their plants in St. Louis machinery, equipment and work they had transferred to the plants in Arkansas and Colorado, and (2) to recall all their St. Louis employees laid off since September 23, 1960, and to reinstate them without loss of seniority or loss of pay. The appellants refused to comply, contending that the award was based upon a void or unenforceable provision of the Agreement.

While we realize that this case is one of much importance to the appellants, and that the validity and coverage of Article XX is debatable, we are convinced that the judgment must be affirmed under the teachings of United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 567–569, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 580–585, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 596–599, 80 S.Ct. 1358, 4 L.Ed.2d 1424; Drake Bakeries, Inc., v. Local 50, American Bakery & Confectionery Workers International, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474; and Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462, and that a detailed discussion of the facts and the applicable law would serve no useful purpose.

It is to be noted that the District Court has retained jurisdiction "for the purpose of carrying out the Stipulation on Subsequent Procedure filed by the parties herein." Apparently, therefore, any controversy over back-pay allowances can, if necessary, be dealt with by the District Court in accordance with the stipulation of the parties relating to implementation of the award.

The judgment appealed from is affirmed.