Archie J. **LAYTON**, Isaac A. Byrd, James W. Brown and Joseph R. Ainley, as Movants in behalf of themselves and as a Committee for and in behalf of all other persons of a class similarly situated, Movants,

v.

**SELB MANUFACTURING COMPANY**, a Division of Western, Inc., a Corporation and Blades Manufacturing Corporation, a corporation, Respondents.

No. 61 C 20(2).

United States District Court
E. D. Missouri, E. D.

July 15, 1965.

Jerome J. Duff, St. Louis, Mo., for movants.

Bartley, Siegel & Bartley, Clayton, Mo., for I. A. M. Dist. No. 9.

Bernard A. Barken, St. Louis, Mo., for Blades Mfg. Corp. and Selb Mfg. Co.

MEREDITH, District Judge.

The movants were members of International Association of Machinists, District No. 9, and they allege they are representatives of the employees of the respondents. They ask for relief under provisions of Rule 71 of the Federal Rules of Civil Procedure; they ask the Court to enforce the judgment of this Court dated December 27, 1961, and the judgment of the Eighth Circuit Court of Appeals affirming that judgment; they ask that the stipulation filed on October 11, 1962, purporting to set aside the judgment of this Court be set aside, that a commissioner be appointed to determine the rights of all parties, that the respondents be required to post bond in the sum of four million dollars and for such further relief as the Court may deem proper.

The history of this litigation is as follows:

On January 13, 1961, the International Association of Machinists, District No. 9, filed a complaint in this Court against Selb Manufacturing Company, a division of Western, Inc., a corporation, and Blades Manufacturing Corporation, a corporation, seeking to enforce an arbitration award dated January 5, 1961. Thereafter, the defendants in said cause filed an answer and the parties entered into a stipulation of facts and they further entered into a stipulation on subsequent procedure on February 10, 1961. The stipulation on subsequent procedure

provided that in the event the Court enters an order for specific performance of the arbitration award that the parties shall have thirty days after the expiration of the period permitted for appeal to reach agreement on what defendants must do to comply with the award, and if the parties are unable to agree, that on application by either party the Court shall appoint a commissioner to implement compliance with the award. The same procedure to be followed in the event of an appeal and an affirmation of the appeal.

On December 27, 1961, this Court, the late Judge Moore presiding, entered a decree in favor of the plaintiff International Association of Machinists, District No. 9, and against the Selb Manufacturing Company, a division of Western, Inc., a corporation, and Blades Manufacturing Corporation, a corporation. This decree required specific performance of the arbitration award and required the defendants to do the following things:

(1) return to Selb Manufacturing Company and Blades Manufacturing Corporation in St. Louis, Missouri, all machinery and equipment sent to Arkansas and Colorado;

(2) recall all employees laid off by the defendants since September 23, 1960, and reinstate them without loss of seniority;

(3) pay them back wages less the amount of money that any employee may have earned in the interim.

The Court retained jurisdiction of the cause to carry out the stipulation on subsequent procedure filed by the parties.

The judgment of the district court was affirmed by the Eighth Circuit Court of Appeals on July 6, 1962, Selb Mfg. Co. v. International Ass'n of Machinists, District No. 9, 305 F.2d 177, and the mandate was issued on August 29, 1962.

The Court of Appeals in its decision pointed out that the district court had retained jurisdiction and would determine the question of back wages and allowances.

On August 30, 1962, the defendants requested a stay of execution pending a review of the decision by the Supreme Court or a final action on their petition for certiorari, which would of necessity had to have been filed within ninety days after August 29, 1962 (28 U.S.C. § 2101 (c)).

On October 11, 1962, a stipulation was entered into between the parties to this action and signed by all the parties and their attorneys which provides as follows:

> "*Stipulation* It is hereby stipulated and agreed by and between the parties hereto that the judgment and decree entered by this Court on December 27, 1961 be set aside and that the above cause is hereby dismissed with prejudice to plaintiff at the defendants' costs."

The Stipulation was initialed by the court with the notation "Granted RWH". Nothing further happened as far as the court file reflects until the present pending motion was filed on March 16, 1965.

At a hearing on the present motion it appeared that on September 22, 1962, a meeting of the membership was called by District No. 9 and the minutes of that meeting reflect that the union membership was advised that a complete settlement would be made if the company would pay $100,000 for loss of pay and $25,000 to cover welfare claims. The minutes of this meeting are contained in the transcript of a later meeting held on March 30, 1963, at pages 5 through 7 of the transcript. It appears from the testimony that three of the movants were present at the September 22nd union meeting and all four of them were present at the union meeting of March 30, 1963. At the September 22, 1962, meeting the minutes reflect that the union should proceed to process the claims of individual members and that no committee should be appointed by the membership for this purpose. Pursuant to the membership meeting of September 22, 1962, the stipulation to settle the cause was entered into on October 11, 1962.

Because of objections to the settlement later raised by movant Layton, the second meeting of the union was held on March 30, 1963, and the union stated that none of the $125,000 would be disbursed until one hundred percent agreement of the membership was reached as to the propriety of the settlement. All four of the movants were present at the March 30th meeting and did not object. Thereafter, the claims of members were processed by the union.

On June 14, 1963, a letter was sent to approximately one hundred twenty-five members enclosing check for each one's proportionate share of the settlement money. The letter stated that the enclosed check represented payment in full of claim against the company pursuant to the terms of a settlement agreement. The movants received the letter and check in the following amounts:

| | |
|---|---|
| Joseph R. Ainley | $1,212.52 |
| Archie J. Layton | 1,084.18 |
| James W. Brown | 408.20 |
| Isaac A. Byrd | 464.51 |

The back of all checks, including those received by movants had thereon the following stamped release:

"Endorsement constitutes full and complete satisfaction and settlement of my claims arising out of cause No. 61 C 20 (1), in U. S. District Court for the Eastern Judicial District of Missouri, Eastern Division, styled International Association of Machinists, District No. 9, vs. Selb Manufacturing Company, et al., and a full and complete release of the above mentioned parties, the I. A. of M. District No. 9 Welfare Association and their officers, agents and employees."

The checks received by movants were endorsed by them below the stamped release.

The facts in this case show clearly that the movants herein had full and complete knowledge of the settlement made by the union; that the union which brought the arbitration action originally was responsible for obtaining relief against the companies involved. The International Association of Machinists, District No. 9, was the proper representative of all of the employees, including these movants. The district court having retained jurisdiction of the cause to determine the rights of the parties, and having been given that right by the Court of Appeals, had a perfect right to permit the parties to file their stipulation of dismissal, and the parties themselves had a right to settle the cause of action in this instance after it was affirmed by the Court of Appeals without first seeking permission from the Court of Appeals to do so. The Eighth Circuit Court of Appeals in Selb Mfg. Co. v. International Ass'n of Machinists, District No. 9, supra, stated at page 179:

"It is to be noted that the District Court has retained jurisdiction 'for the purpose of carrying out the Stipulation on Subsequent Procedure filed by the parties herein.' Apparently, therefore, any controversy over back-pay allowances can, if necessary, be dealt with by the District Court in accordance with the stipulation of the parties relating to implementation of the award."

The movants have signed a full and complete release, have accepted their proportionate share of the settlement which was made, they have released all parties to the action, they have received the money from the settlement and they have no standing in this Court to proceed further.

No cases have been cited holding that a release is unenforceable on the ground that a court lacked jurisdiction to dismiss the case after the parties had entered the agreement. Once the release is entered into, it "operates, with respect to the claim or cause of action released, as an absolute, insuperable, or complete bar to recovery, or as a complete or legal bar to an action or suit or as a bar to a judgment, as a good, complete, or valid defense, as a good or complete answer, as a ground for dismissal of plaintiff's case, as an accord and satisfaction, as conclu-

sive of the cause of action, as conclusive against the right to maintain an action, as binding with the same effectiveness as a prior judgment," 76 C.J.S.Release § 40.

It is the opinion of this Court that the release barred the judgment. Therefore, the movants' motion will be overruled.