359 F.2d 715
 Archie J. LAYTON, Isaac A. Byrd, James W. Brown, and Joseph
R. Ainley, in Behalf of Themselves and as a
Committee for and in Behalf of All Other
Persons of a Class Similarly
Situated, Appellants,
v.
SELB MANUFACTURING COMPANY, a Division of Western, Inc., a
Corporation, andBlades Manufacturing Corporation,
a Corporation, international Association
ofMachinists, District 9, Appellees.
 No. 18168.
 United States Court of Appeals Eighth Circuit.
 May 2, 1966, Rehearing Denied May 25, 1966.
 
 1
 Jerome J. Duff, St. Louis, Mo., made argument for appellants and filed brief.
 
 
 2
 Bernard A. Barken, St. Louis, Mo., made argument for appellees Selb Mfg. Co., and Blades Mfg. Corp., and filed brief.
 
 
 3
 Donald S. Siegel, of Bartley, Siegel & Bartley, Clayton, Mo., made argument for International Ass'n of Machinists, Dist. No. 9, and filed brief.
 
 
 4
 Before VOGEL, Chief Judge, BLACKMUN, Circuit Judge, and STEPHENSON, District Judge.
 
 
 5
 STEPHENSON, District Judge.
 
 
 6
 This is an appeal from the District Court's order[1] denying appellants' motion[2] seeking to enforce a previous judgment which had been set aside and the cause therein dismissed by the District Court upon stipulation of the parties after said judgment had been affirmed by this Court.
 
 
 7
 An arbitration award ordering Selb Manufacturing Company and Blades Manufacturing Corporation (hereinafter referred to as Appellee-Company) to rehire certain employees, to make these employees whole financially, and to return certain equipment and work to St. Louis was obtained on January 5, 1961, by the International Association of Machinists, District No. 9 (hereinafter referred to as Appellee-Union). On February 10, 1961, the Appellee-Union and the Appellee-Company entered into a stipulation providing for the procedure to be followed if and when the Federal District Court ordered specific enforcement of the arbitration award.[3]
 
 
 8
 The United States District Court for the Eastern District of Missouri entered an order on December 27, 1961, compelling specific performance of the arbitration award and further noted that 'this Court will retain jurisdiction of this cause for the purpose of carrying out the Stipulation on Subsequent Procedure filed by the parties herein.' The judgment of the District Court was affirmed on July 6, 1962. Selb Mfg. Co. v. International Ass'n of Machinists, 305 F.2d 177 (8th Cir. 1962). In affirming the District Court's judgment this Court, after observing that a stipulation between the parties had been filed, noted that, if necessary, the District Court could deal with any controversies concerning the stipulation of the paries relating to implementation of the award. After this Court issued its mandate on August 28, 1962, settlement negotiations between the Appellee-Union and Appellee-Company resulted in a $125,000 payment to the Union in satisfaction of the Union claims and demands giving rise to the arbitration award.[4] The document embodying this agrement included a paragraph stating that 'the Company will take whatever steps are necessary to withdraw further prosecution of its appeal and application for certiorari, and the Union will dismiss with prejudice at the cost of theCompany Cause No. 61 C 20(1) now pending in the District Court of the Eastern Judicial District of Missouri.' A stipulation by the parties setting aside the District Court's judgment of December 27, 1961, and dismissing the cause involved therein with prejudice to the plaintiff was filed and granted by the District Court on October 11, 1962. Thereafter, on March 15, 1965, the appellants herein, who have been designated as the Chief Shop Steward and a majority of the duly elected Shop Stewards of the employees of the Appellee-Company[5] filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6) and sought, inter alia, to set aside the stipulation of October 11, 1962, and to secure the appointment of a Commissioner to enforce the original District Court judgment which was affirmed by this Court on July 6, 1962. The appellants' request for relief was denied by the District Court.
 
 
 9
 The sole ground relied upon by the appellants for reversal in this appeal is that the District Court erred in allowing a judgment which had been affirmed by an issued mandate of the Court of Appeals to be set aside and the cause of action dismissed without the permission or approval of the appellate court. The appellants have cited two cases in support of their position-- Hartman v. Lauchli, 304 F.2d 431 (8th Cir. 1962) and Thornton v. Carter, 109 F.2d 316 (8th Cir. 1940).
 
 
 10
 While it is true that the cases cited by the appellants support the proposition that a District Court does not have the authority to alter or deviate from a mandate of the Court of Appeals without first obtaining the appellate court's consent, the legal principle involved has no application whatsoever to the facts of this case. As previously mentioned in the chronological description of the events which eventually culminated in the instant appeal, this Court specifically noted that the District Court retained jurisdiction of the case for the purpose of carrying out the Stipulation of Subsequent Procedure filed by the parties. After remand of the case, the Appellee-Union and the Appellee-Company entered into a settlement agreement. The fact that the District Court then, upon the request of the parties to the action, dismissed the cause of action with prejudice to the plaintiff in no manner disturbed the mandate of this Court. It is obvious that in affirming the District Court's judgment, this Court recognized the posibility of such a settlement when it stated that 'any controversy over backpay allowances can, if necessary, be dealt with by the District Court in accordance with the stipulation of the parties relating to implementation of the award.' Selb Mfg. Co. v. International Ass'n of Machinists, supra, 305 F.2d at 179. It is abundantly clear that the District Court in approving the stipulation dismissing the case acted in conformance with the mandate of this Court. The appeal herein is wholly without merit.
 
 
 11
 Both appellees herein assert that the appellants' appeal is frivolous and ask for damages and costs pursuant to 28 U.S.C. 1912. The Court agrees that the facts of this case render the instant appeal frivolous and that damages should be assessed.[6] Any costs the appellees incurred in connection with the printing of the Record or the Joint Supplemental Record and the cost of printing appellees' briefs which were necessitated by this appeal are hereby assessed against the appellants. These amounts are to be shown by appellees' affidavits filed with the Clerk of this Court. In addition, Appellee-Company and Appellee-Union are awarded $500 each for counsel fees incurred in the appeal. The judgment of the District Court is affirmed and the Clerk of this Court is directed to enter the award of damages upon the showing of appellees' affidavits.
 
 
 
 [1]
 Layton v. Selb Mfg. Co., 244 F.Supp. 178 (E.D.Mo.1965)
 
 
 [2]
 The appellants' motion was made pursuant to the provision of Federal Rules of Civil Procedure 60(b)(6) which provides:
 'On motion and upon such terms as are just the court may relieve a party of his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (6) any other reasons justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.'
 
 
 [3]
 The stipulation on subsequent procedure entered into by the Appellee-Union and the Appellee-Company was as follows:
 'In the event the Court enters its order decreeing specific performance of the Arbitration Award then, and in the event that no appeal is taken, the parties shall attempt to reach agreement on what specifically the defendants must do in order to comply with the aforesaid Arbitration Award. In the event that the parties are unable to reach agreement within thirty days after expiration of the period permitted for appeal, or such additional time as the parties may agree upon, then on application by either party the Court shall appoint a commissioner to implement compliance with the Award.
 In the event that either party hereto appeals the finding and order of this Court and/or any appellate court with respect to whether or not defendants must comply with the arbitration award, the further steps mentioned above shall be held in abeyance pending disposition of said appellate procedure. If it is finally determined, on appeal, that defendants must comply, then the aforesaid procedure shall be followed.'
 
 
 [4]
 After discussion and action taken at two union meetings, Appellee-Union made distribution of the settlement to its members, including named appellants, who received and endorsed individual checks acknowledging full and complete settlement and satisfaction of their respective claims and a release of appellees. 244 F.Supp. at 179-180
 
 
 [5]
 The appellants assert that their right to bring this action derives from Federal Rule of Civil Procedure 71 which provides that 'when an order is made in favor of a person who is not a party to the action, he may enforce obedience to the order by the same process as if he were a prty; and, when obedience to an order may be lawfully enforced against a person who is not a party, he is liable to the same process for enforcing obedience to the order as if he were a party.'
 
 
 [6]
 See, Lowe v. Willacy , 239 F.2d 179, 16 Alaska 499 (9th Cir. 1956); Ginsburg v. Stern, 295 F.2d 698, (3d Cir. 1961); Occidental Life Ins. Co. v. Eiler, 126 F.2d 429 (8th Cir. 1942); Compare Honebein v. McDonald, 299 F.2d 493, 496 (8th Cir. 1962); Hawkeye-Security Ins. Co. v. Davis, 277 F.2d 765, 772 (8th Cir. 1960); Massachusetts Bonding & Ins. Co. v. Feutz, 182 F.2d 752, 758-759 (8th Cir. 1950)