Armon Boyd COURSEY, Plaintiff-Appellee,

v.

MORGAN DRIVEWAY, INC., Defendant-Appellant.

Armon Boyd COURSEY, Plaintiff-Appellee,

v.

J. P. CHISM, d/b/a Arkansas Equipment Rental Company, Defendant-Appellant.

Nos. 16457, 16458.

United States Court of Appeals Sixth Circuit.

Sept. 29, 1966.

---

W. H. Lassiter, Huntingdon, Tenn., W. Kent Jones, Maddox, Maddox & Lassiter, Huntingdon, Tenn., on brief, for Morgan Driveway, Inc.

W. R. Menzies, Jr., Jackson, Tenn., Spragins, Menzies & Spragins, Jackson, Tenn., of counsel, for J. P. Chism.

Hugh K. McLean, Paris, Tenn., for appellee.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and MATHES, District Judge.*

PHILLIPS, Circuit Judge.

This is an appeal from a jury verdict of $40,000 rendered against two trucking companies in an action for personal injuries. The accident occurred on U. S. highway 79 at or near the Tennessee River Bridge in Henry County, Tennessee.

* Honorable William C. Mathes, Senior District Judge of the Southern District of California, sitting by designation.

Appellant, Morgan Driveway, Inc., is engaged in the business of moving house trailers. Immediately prior to the accident, appellant moved across the bridge house trailers ten feet wide, in excess of the maximum width permitted under Tennessee law. Under the provisions of T.C.A. § 59–1111, Morgan had obtained a special permit from the Tennessee Department of Highway for the transportation of over-width trailers. This permit required that a flagman be used at bridges where the roadway is twenty feet wide or less.

A local flagman was engaged by Morgan to flag the trailers across the river, since the bridge was less than twenty feet wide. The flagman preceded Morgan's vehicles across the bridge and began stopping traffic. Almost immediately a series of rear end collisions occurred, blocking the entire highway, which was blanketed in a heavy fog.

When plaintiff-appellee Coursey arrived on the scene, the flagman had already departed. Coursey was attempting to render assistance to the injured, when a truck owned by appellant Chism, traveling at a high rate of speed, struck and injured appellee.

### 1) Causation

Appellant Morgan's principal contention is bottomed on causation, i. e. that Morgan was not the proximate or legal cause of the injuries to appellee.

In Carney v. Goodman, 38 Tenn.App. 55, 62, 270 S.W.2d 572, the court quoted with approval the following definition of proximate or legal cause set forth in the Restatement of Torts, § 431:

"The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm."

Continuing, the court said:

"A defendant whose negligence was a legal cause of plaintiff's injuries will not be relieved from liability merely because the negligence of another contributed to such injuries. The joint and several liability of joint tort feasors rests on the idea that two or more causes may be charged with a single result." (Citations omitted.)

As to whether the negligence of one in obstructing the highway by a standing vehicle was or was not superseded by the negligence of another in running into such vehicle the Tennessee test is: "Did the driver running into the standing vehicle see it in time to enable him, by use of due care, to avoid the collision?" Carney v. Goodman, 38 Tenn.App. at 63, 270 S.W.2d at 576.

In the instant case appellant Morgan caused the road to be blocked. Appellant Chism's 50,000 pound gross weight vehicle was operated at speeds estimated to be from 45 to 60 miles per hour. Chism's driver testified that when he first saw the accident he was approximately 100–150 feet from it.

Under these circumstances a jury could reasonably conclude that the negligence of appellant Morgan was a substantial factor in bringing about the injury to appellee. Further a jury could reasonably conclude that both Morgan and Chism were the concurrent causes of appellee's injuries. Such questions, under appropriate instructions, are properly for the jury to decide. Barr v. Charley, Tenn., 387 S.W.2d 614; Watson v. Southern Bus Lines, 186 F.2d 981 (C.A.6); Jaggers v. Southeastern Greyhound Lines, 126 F.2d 762 (C.A.6).

Likewise the question of proximate contributory negligence, which would bar plaintiff's right to recover, is a question for the jury, under proper instructions. Tiffany v. Shipley, 25 Tenn.App. 539, 161 S.W.2d 373.

There being substantial questions of fact involved, the trial court was correct in refusing to direct a verdict in favor of Morgan.

### 2) Duty to Warn

Appellant Morgan raises numerous questions as to the propriety of certain portions of the charge of the Honorable Bailey Brown, District Judge, and the failure of Judge Brown to give certain special requests.

Six of Morgan's assignments of error concern whether or not there was a non-delegable duty to warn motorists that the approaches to the bridge were blocked.

When a person employs a contractor to do work in a public place, which work will, unless precautions are taken, cause danger to the public, an obligation is placed upon the person who orders the work to be done to see to it that the necessary precautions are taken; and if necessary precautions are not taken he cannot escape liability by seeking to put the blame on the contractor. Smith v. Bank of Commerce and Trust Co., 135 Tenn. 398, 186 S.W. 465, 18 A.L.R. 788; International Harvester Co. v. Sartain, 32 Tenn.App. 425, 222 S.W. 2d 854; Mahoney v. United States, 220 F.Supp. 823 (E.D.Tenn.), aff'd. 339 F.2d 605 (C.A.6).

In the present case, T.C.A. § 59–1111 places a duty upon the operator of over-width vehicles in regards to the public safety. Appellant Morgan was granted a special permit, authorizing transportation of over-width vehicles only upon compliance with specific conditions for the protection of the public.[1] The Tennessee rule is that an employer is liable for the negligence of an independent contractor where, from the very nature of the project undertaken, and in the natural course of events, harmful consequences could be expected to arise unless means are adopted to prevent it. The taking of such preventive measures cannot be delegated to an independent contractor. Davis v. Cam-Wyman Lumber Co., 126 Tenn. 576, 150 S.W. 545; Pierce v. United States, 142 F.Supp. 721 (E.D. Tenn.), aff'd, United States v. Pierce, 235 F.2d 466 (C.A.6).

It follows then that in the present case it would make no difference whether the flagman is characterized as an agent or as an independent contractor, since the duty owed to the public could not be contracted away by appellant Morgan. Therefore the court properly instructed the jury that Morgan was under a non-delegable duty to warn motorists that the highway was blocked and that it was immaterial whether Morgan sought to discharge this duty through its own employees, an agent, or an independent contractor.

### 3) Independent Intervening Efficient Cause

Appellant Morgan also assigns as error the correctness of the charge of the District court on the issue of independent intervening efficient cause and the failure of the court to charge special requests submitted to Morgan on this issue.

In charging the jury on independent intervening efficient cause, the court instructed on the increased risk theory,

---

1. This permit was as follows:

"To All Law Enforcement Officers:

"Permit is hereby issued to Morgan Drive Away, Elkhart, Indiana, for the movement of House Trailers, each by separate movement, by towing by truck over State Highways in Tennessee.

"Permit is for overwidth not to exceed ten feet (10'); overlength not to exceed sixty-nine feet (69'); and covers the period of November 16 thru May 16, 1963, including nights, Saturdays, Sundays, and Holidays.

"Permit inoperative unless trailer equipped with adequate brakes operated from the towing vehicle.

"On movements ten feet (10') wide, flagging required across bridges where roadway is twenty feet (20') or less. This may be done by any individual and not necessarily a Peace Officer.

"Permit inoperative if road surfaces affected by ice or snow.

"Mover responsible for any damage.

"Photostatic copying of this permit is permissible.

"D. W. Moulton

"Commissioner."

whereas appellant Morgan's requests were premised on the foreseeability theory.

 The rule in federal courts in regard to the propriety of instructions on special requests is that the court is not bound to give instructions in either the form or the language in which they are requested, so long as the substance of the requested charge, which is supported by the evidence, is contained in the given charge. Miller v. Brazel, 300 F.2d 283 (C.A.10); Honebein v. McDonald, 299 F.2d 493 (C.A.8). We find the charge in the present case, considered in its entirety, to be accurate and adequate.

### 4) Excessiveness of Verdict

Both appellants Morgan and Chism assign as error the excessiveness of the verdict.

"The amount of damages is primarily for the jury to determine, and next to the jury the most competent person to pass on the matter is the judge who presided at the trial and heard the evidence, and after he has approved the verdict it is not for us to substitute our judgment for his or the jury's, but it is our duty not to disturb the verdict unless it is plainly so unreasonable as to shock the judicial conscience. Reeves v. Catignani, 157 Tenn. 173, 176, 7 S.W.2d 38; City of Nashville v. Brown, supra [25 Tenn.App. 340, 157 S.W.2d 612]; Monday v. Millsaps, 37 Tenn.App. 371, 412, 264 S.W.2d 6." Yellow Cab Co. of Nashville v. Pewitt, 44 Tenn.App. 572, 584–585, 316 S.W. 2d 17, 22.

Since the amount of damages is within the province of the jury, and there being no clear showing of passion, prejudice or caprice, or an abuse of discretion by the trial court, this court will not interfere with the amount of the verdict. France v. Newman, 35 Tenn. App. 486, 248 S.W.2d 392; Kroger Co v. Rawlings, 251 F.2d 943 (C.A.6).

Affirmed.