38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Paula B. PACE and Hugh Allen Pace, Plaintiffs-Appellants,
v.
K-MART CORPORATION, Defendant-Appellee.
 No. 93-6133.
 United States Court of Appeals, Sixth Circuit.
 Oct. 25, 1994.
 
 Before: KEITH, KENNEDY and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Based on jury interrogatories, judgment was entered for defendant K-Mart in this slip and fall suit brought by plaintiff Paula Pace.[1] Plaintiff now appeals, raising two assignments of error. First, plaintiff contends that the trial court erred in granting partial summary judgment on issues relating to the independent contractor status of the window washers who caused the hazardous condition. Specifically, plaintiff argues that the District Court erred in finding that the window washers were independent contractors, that the window washing was not an inherently dangerous activity and that K-Mart did not negligently hire the window washers. Second, plaintiff contends that the trial court erred in using special interrogatories which did not allow the jury to determine comparative fault. For the reasons stated, we affirm in part, reverse in part and remand for a new trial.
 
 I.
 
 2
 In June, 1991, plaintiff Paula Pace, an Arizona resident, fell and injured her knee in the vestibule of a K-Mart store in Memphis, Tennessee. At the time of the accident, the vestibule windows were being washed by two employees of T & S Window Washing ("T & S").[2] Pace entered the vestibule to make a phone call and stood on a rubberized mat near the telephone. As she reached for the telephone receiver, she dropped her quarter and a window washer retrieved it for her. Pace then stepped off the mat to make her telephone call and slipped and fell in a slippery substance which had accumulated as a result of the window washing. Pace suffered a fractured kneecap and sued to recover her damages. In response to K-Mart's motion for summary judgment, the District Court granted partial summary judgment against Pace on the grounds that T & S was an independent contractor over which K-Mart had no control and that K-Mart had not negligently hired T & S. The District Court allowed plaintiff to proceed with her claim that K-Mart was negligent in failing to warn her of a dangerous condition.
 
 
 3
 In her deposition, Pace testified that she knew that the person that picked up the quarter was washing windows. At trial, Pace testified that she did not know the windows were being washed. The jury, through interrogatories, found that K-Mart had constructive knowledge of a dangerous condition, that K-Mart was unreasonable in failing to warn its customers, and that Pace knew that the windows were being washed. Because Pace knew that the windows were being washed, the District Court entered judgment for K-Mart on the grounds that K-Mart had no duty to warn. Pace now appeals from this judgment.
 
 II.
 
 4
 This Court reviews a denial of summary judgment de novo, using "the same test as that used by the district court...." Barnhart v. Pickrel, Schaeffer & Ebeling Co., 12 F.3d 1382, 1389 (6th Cir.1993) ( quoting Berlin v. Michigan Bell Tel. Co., 858 F.2d 1154, 1161 (6th Cir.1988)). The nonmoving party may not rest on his pleadings but must set forth specific facts showing that there is a genuine issue of material fact which would permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (emphasis added).
 
 
 5
 Plaintiff first asserts that the District Court erred in finding that T & S was not an independent contractor. K-Mart based its motion for summary judgment on an affidavit by the K-Mart employee who hired T & S that showed K-Mart exercised no control over T & S. Plaintiff at this point was required to designate "by affidavits or by 'depositions, answers to interrogatories, and admissions on file ... specific facts showing that there is a genuine issue for trial.' " Potters Medical Ctr. v. City Hosp. Ass'n, 800 F.2d 568, 572 (6th Cir.1986) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Plaintiff failed to do so.
 
 
 6
 Plaintiff's appellate brief refers to several depositions which she contends show that a factual issue exists. However, "[t]his Court will not entertain on appeal factual recitations not presented to the district court any more readily than it will tolerate attempts to enlarge the record itself." Guarino v. Brookfield Township Trustees, 980 F.2d 399, 404 (6th Cir.1992). We therefore affirm the District Court's grant of summary judgment on this issue.
 
 
 7
 Because the District Court found that T & S was an independent contractor, the court prevented plaintiff from inquiring at trial about K-Mart's failure to supervise T & S. Plaintiff argues that the jury should have been allowed to decide whether K-Mart breached its duty by its failure to supervise.
 
 
 8
 We disagree. An independent contractor by definition is free from the control of the employer: "An independent contractor is one who ... contracts to do a piece of work ... without being subject to control of his employer, except as to the result of his work." Jolly Motor Livery Corp. v. Allenberg, 221 S.W.2d 513, 515 (Tenn.1949) (citation omitted). Because the employer has no right to control the independent contractor, the employer has no duty to supervise the contractor. The District Court thus properly prevented the jury from considering liability based on K-Mart's failure to supervise T & S.
 
 
 9
 Plaintiff further asserts that T & S was engaging in an ultrahazardous activity and so T & S's negligence could be imputed to K-Mart even if T & S was an independent contractor. The District Court determined that window washing was an ordinary building operation and was not inherently dangerous as a matter of law.
 
 
 10
 Under Tennessee law, a person engaging an independent contractor is generallynot liable for the torts of the independent contractor. Marshall's of Nashville v. Harding Mall Assocs., 799 S.W.2d 239, 243 (Tenn.App.1990). However, an employer is liable for injuries caused by the negligence of an independent contractor who is performing work which is inherently or intrinsically dangerous. Cooper v. Metropolitan Gov't, 628 S.W.2d 30, 32 (Tenn.App.1981) (citing 41 Am.Jur.2d Independent Contractors Sec. 41 (1968)). In other words, the work, properly done, must create a danger to the public. Smith v. Bank of Commerce & Trust Co., 186 S.W. 465, 467 (Tenn.1916).
 
 
 11
 Activities considered "inherently dangerous" under Tennessee law include being exposed to radiation in an atomic energy plant, Mahoney v. United States, 220 F.Supp. 823 (E.D.Tenn.1963), aff'd, 339 F.2d 605 (6th Cir.1964), blocking a highway bridge, Coursey v. Morgan Driveway, Inc., 366 F.2d 504 (6th Cir.1966), and working near an electric line installed by the employer, International Harvester Co. v. Sartain, 222 S.W.2d 854 (Tenn.App.1948). Activities not considered inherently dangerous include constructing the steel framework of a building where it was unexpected that workers would throw red hot rivets between the floors, Smith, 186 S.W. at 465, and repairing a trailer using an acetylene torch, Simpson v. Allied Van Lines, 612 S.W.2d 172 (Tenn.App.1980).
 
 
 12
 We agree with the District Court that Tennessee courts would not find window washing to be inherently dangerous. Window washing does not ordinarily create a danger to the public. Summary judgment was appropriate.
 
 
 13
 Finally, plaintiff asserts that the trial court erred in granting summary judgment on her claim that K-Mart negligently hired T & S. The District Court held that plaintiff had presented no basis for her claim that K-Mart had failed to reasonably inquire into T & S's qualifications before engaging them to wash the windows.
 
 
 14
 In Tennessee, "[f]or one to be held liable for negligence in the hiring of an independent contractor ... it must be shown that the employer either knew, or by the exercise of reasonable care might have ascertained, that the independent contractor was not qualified to perform the work for which he was contracted." Marshall's of Nashville, 799 S.W.2d at 243.
 
 
 15
 In the present matter, there is no evidence to show that the K-Mart employee who hired T & S was unreasonable in his investigation before hiring them. The employee's affidavit stated that he had previously observed T & S cleaning windows at another K-Mart store, that T & S had done a good job and that they had taken safety precautions while working.
 
 
 16
 Plaintiff has produced no evidence which would contradict this testimony or to show that the employee could have ascertained that T & S was not qualified. Plaintiff points out that T & S had never washed windows before at that particular K-Mart store and that T & S were only hired after they inquired concerning work. This is insufficient to allow a jury to conclude that defendant was negligent. The District Court properly granted summary judgment.
 
 III.
 
 17
 The District Court did commit reversible error, however, in the interrogatories which it submitted to the jury. The trial court, over objection by plaintiff, submitted the following interrogatories to the jury and received the following answers:
 
 
 18
 1. Did the defendant K-Mart have constructive knowledge of a dangerous condition in the entry vestibule? If your answer is yes, go to Question 2. If your answer is no, answer no further questions. Answer: Yes.
 
 
 19
 2. If the defendant K-Mart had constructive knowledge of a dangerous condition in the entry vestibule, did it fail to exercise reasonable care to warn the plaintiff of that dangerous condition? If you answer yes, go to Question 3. If you answer no, answer no further questions. Answer: Yes
 
 
 20
 3. Did Paula B. Pace know prior to her fall that the windows in the K-Mart entry vestibule were being washed? If you answer no, go to Questions 4 and 5. If you answer yes, answer no further questions. Answer: Yes.
 
 
 21
 Joint App. at 102.
 
 
 22
 Plaintiff objected that these interrogatories were incorrect under Tennessee's newly adopted comparative negligence standard for tort liability. Plaintiff argued that requiring the jury to stop if they answered "yes" to Question 3 prevented the jury from assessing fault as is now required under comparative negligence, recently adopted in Tennessee.
 
 
 23
 We agree that the interrogatories are insufficient. Defendant's duty to warn, a prerequisite to negligence and thus a prerequisite to comparative negligence, does not arise if the dangers "are obvious, or as well known to the person injured as to the owner." Illinois Cent. R.R. v. Nichols, 118 S.W.2d 213, 218 (Tenn.1938) (citation omitted); Kendall Oil Co. v. Payne, 293 S.W.2d 40, 42-43 (Tenn.App.1955). If K-Mart and plaintiff had equal knowledge of the dangerous condition, K-Mart would have no duty to warn and thus could not be liable in negligence for plaintiff's injuries.
 
 
 24
 However, the answers the jury gave to Interrogatories # 1 and # 2 indicate that they found unequal knowledge. The jury first found that defendant had constructive knowledge of a dangerous condition. The jurors next found that defendant failed to exercise reasonable care in warning of this dangerous condition. In the third interrogatory, they were only asked whether Paula Pace knew prior to her fall that the windows were being washed. The jury was not asked whether Pace knew of the dangerous condition, namely the likelihood of water on the floor. Because the jury found that K-Mart failed to exercise reasonable care to warn Pace of the dangerous condition, namely water on the floor, it did not answer the question of whether K-Mart and Pace had equal knowledge of the dangerous condition. Having found a duty and an unreasonable breach of that duty, the jury should then have been allowed to determine whether the parties' knowledge was equal, thus negating K-Mart's failure to warn as a proximate cause of Pace's injury. The interrogatories prevented this.
 
 
 25
 The error in the jury instruction is that knowledge that windows are being washed and knowledge that there is a dangerous condition are not the same. Even though Pace knew that the windows were being washed, she might not have known there was a slippery substance on the floor. K-Mart had actual knowledge that window washers were present. Therefore, we infer that the "dangerous condition" in Interrogatory # 1 of which the jury found K-Mart had constructive knowledge was not the presence of window washers. Instead, it would have had to have been the water or slippery substance on the floor. Because Interrogatory # 3 failed to answer the question of whether the knowledge of the parties is equal, Plaintiff is entitled to a new trial.
 
 
 26
 K-Mart responds that any error in this respect was waived by plaintiff. During the discussion of the interrogatories, counsel for plaintiff answered the court's question of whether the parties would be before the court if K-Mart had displayed a sign saying "warning--window washers" by stating that they would not. However, this statement alone does not constitute a waiver. First, there was no such sign. Second, the word "warning" does more than advise a customer that there are window washers present. Finally, plaintiff continued to object to the interrogatory.
 
 
 27
 K-Mart also argues that any error in the interrogatories is harmless because there was insufficient evidence to allow a reasonable jury to find that defendant had constructive knowledge of a dangerous condition. Thus, even if the jury interrogatories were erroneous, K-Mart argues that there is no need for a retrial.
 
 
 28
 We are not persuaded by this argument. We do not "reweigh evidence to reach our own conclusions about the correctness of a jury's decision." Pratt v. National Distillers & Chem. Corp., 853 F.2d 1329, 1337 (6th Cir.1988), cert. denied, 489 U.S. 1012 (1989). Rather, we determine whether reasonable jurors could have resolved the dispute as they did. Id.
 
 
 29
 Here, reasonable minds could have concluded that K-Mart had constructive knowledge of a dangerous condition. A K-Mart employee testified at trial that after Pace's fall, he located the window washers by following a trail of water fifty feet long leading from the vestibule door. Because this employee knew that a water trail would lead to the window washers, a reasonable jury could have concluded that K-Mart knew that window washing sometimes results in water spilled on the floor. On retrial another jury could reach this same conclusion.
 
 IV.
 
 30
 For the foregoing reasons, we AFFIRM the trial court's grant of partial summary judgment, but REVERSE and REMAND for a new trial on the issue of whether defendant was negligent in failing to warn of a dangerous condition and whether that negligence was a proximate cause of plaintiff's injuries.
 
 
 
 [1]
 Paula Pace's husband, Hugh Pace, is also a plaintiff in this action. He seeks to recover the amount he paid for her medical care and for loss of consortium. Because his claims are derivative to hers, we will refer to Paula Pace as either plaintiff or Pace to simplify the analysis
 
 
 [2]
 Titus Straughter d/b/a T & S Window Washing was originally named as a defendant, but never located for service of process by plaintiff. Plaintiff dismissed T & S without prejudice