# A. H. CARNEY v. DOUGLAS GOODMAN, et al.—270 S. W. (2d) 572.

Middle Section.  April 29, 1954.

Petition for Certiorari denied by Supreme Court, September 6, 1954.

Stewart & Crownover, of Nashville, for plaintiff in error.

John T. Conners, Jr., Hume, Howard, Davis & Boult, all of Nashville, for Douglas Goodman and Warren Bros. Roads Co.

.Denney, Leftwich & Glasgow, of Nashville, for Mrs. Della Stamper.

FELTS, J. This action was brought by A. H. Carney against Warren Brothers Road Company, Douglas Goodman, and Mrs. Della Stamper, to recover for personal injuries alleged to have been caused him by the negligence of defendants in a motor truck collision on the highway. At the close of the evidence for plaintiff, the Trial Judge directed verdicts for defendants and dismissed the action. Plaintiff appealed in error.

The collision occurred about 5:30 p. m. May 10, 1951, on the Nolensville Road (Tenn. 11, U.S. 241) about 6 miles south of Nashville. The highway here runs north and south and its paved surface is 18 feet wide with gravel shoulders on either side. It was daylight, had been raining, but had quit and visibility was good. The east half of the road on which the accident happened had been freshly oiled and was slick from the oil and the rain.

On the east side of the highway opposite the point of the collision, and about 15 or 20 feet from the east edge of the pavement, there was a small store called "The Gift Shop"; and a 1941 Plymouth coupe automobile, registered in the name of defendant Mrs. Della Stamper, was parked or stopped in front of this shop, standing at an angle in the highway with its left rear about 5 feet and its left front about 2 feet on the paved part of the east half, or the northbound traffic lane.

About 40 feet south of where this Plymouth car was standing there was a crest of a rise or hill in the road, but this car was visible for a distance of over 300 feet to the south, the direction from which the other two

vehicles approached. One of these was a 1948 International truck, registered in the name of Warren Brothers Road Company, and being driven by its employee Goodman northward toward Nashville.

The other vehicle was the Ormes Roofing Company's truck which was being driven by its employee Ed Atkinson, bringing six of its employees to their homes in Nashville from Shelbyville where they had been at work. Atkinson, Louis Carney, and John Campbell were sitting in the cab—Carney in the middle and Campbell on the right. Plaintiff and two other employees were riding in the truck bed—plaintiff sitting immediately behind the cab. In the rear of the truck bed they were hauling a large kettle, used for heating tar, weighing some 400 pounds.

The Ormes truck was following about 150 feet behind the Warren Brothers truck, and had been following at about this distance for some 5 miles, over the last 4 of which the surface of the road had just been coated with oil and was slick. Both trucks were traveling about 30 to 35 miles per hour on the east half or northbound traffic lane, meeting and passing a stream of southbound traffic on the west half of the road.

As these two trucks started up the grade south of The Gift Shop, and when Atkinson, driver of the Ormes truck, noticed the Warren Brothers truck it was 150 to 200 feet ahead of him. As he neared this shop he "looked again" or "looked up" and saw the Warren Brothers truck "stopped" standing in his, the northbound traffic lane, only 50 to 75 feet ahead of him, as he estimated. Unable to turn to his left because of southbound traffic, he tried to stop, jammed on his brakes, skidded on the slick surface, the front of his truck struck the rear of

the other truck with great force, and the heavy kettle slid forward, crushed plaintiff against the back of the cab, and thus inflicted the injuries sued for.

At the moment of the collision the Stamper car, as stated, was standing in the highway at an angle, blocking over half of the northbound traffic lane, and the Warren Brothers truck had stopped without contact with the car and was standing with its front slightly ahead of and to the left of the car, the truck completely blocking the right or northbound traffic lane.

Considering the evidence in the light most favorable to plaintiff, as we must do, in testing whether a verdict should have been directed for defendants, Smith v. Sloan, 189 Tenn. 368, 376, 225 S.W. (2d) 539, 227 S.W. (2d) 2, we think it made a prima facie case of negligence against Mrs. Stamper and warranted a finding that she was negligent, as charged, in parking her car or leaving it standing upon the paved portion of the highway, Code Section 2690; 1950 Code Supp., Section 2700.11, it not appearing that it was impractical for her to park or leave the car off the paved part of the highway.

We think, however, that there was no evidence of any negligence on the part of the driver of the Warren Brothers truck. The negligence charged was that he failed to keep a proper lookout ahead, failed to come to a gradual stop, but stopped the truck suddenly without giving any signal or warning of his intention to stop.

Seeing the Stamper car blocking his right traffic lane, and being unable to pass it on his left because of southbound traffic, the driver of the Warren Brothers truck was bound to stop, and did stop without a collision. But no witness saw him stop or saw whether he gave any signal or warning of his intention to stop.

Atkinson's testimony is that he did not see the Warren Brothers truck in the act of stopping; that when he last saw it, it was 150 or 200 feet ahead of him; and that when he "looked again" or "looked up" he saw it "stopped" standing just ahead of him. He frankly said that he did not see the driver give any signal, that he "might have given one but I didn't see it."

The only other eyewitness to the collision was Campbell, who was riding in the right side of the cab of the Ormes truck. But he did not see the Warren Brothers truck stop and did not see any signals. He was not looking—not attending. His attention, he said, was first attracted to an impending accident when he heard "the brakes on our truck squall, and the truck was stopped."

So there was no evidence, testimonial or circumstantial, from which the jury could reasonably find that the driver of the Warren Brothers truck failed to keep a proper lookout ahead, or failed to come to a gradual stop or failed to give proper signals, or brought his truck to a sudden or abrupt stop; or that he was negligent in any of the particulars charged.

It appears from the bill of exceptions that the Trial Judge assumed both defendants were negligent but held their negligence was not the proximate cause of the accident but the sole proximate cause of it was the slickness of the road which made Atkinson unable to avoid the collision. His Honor based this holding upon Atkinson's testimony that he could have stopped in time to avoid the accident if the road had not been slick and that, according to his idea, "the cause of the accident was the slickness of the road."

With deference to the learned Trial Judge, we think this is too narrow a view of the matter. The slick

condition of the road was only one of the many things that helped to cause plaintiff's injuries. Cause though seemingly simple is really very complex. In reality, the cause of an event is the sum total of all the things that brought it to pass—all the causative antecedents, including the negative and passive conditions as well as the positive and active forces, that united in producing the effect.

The actual cause, or cause in fact, of plaintiff's injuries embraced, among others, these cause factors: (1) the *conduct* of Mrs. Stamper in blocking the half of the highway for northbound traffic; (2) the *conduct* of the first truck driver in blocking the path of the second truck driver; and (3) the *conduct* of that driver in not seeing sooner the truck standing in front of him, the slick condition of the road, his inability to stop, his striking that truck, and the kettle sliding forward and crushing plaintiff against the back of the cab.

In every case the question of proximate cause, or legal cause, or cause in law, involves first an inquiry into the question of cause in fact. If that inquiry shows that defendant's conduct, in point of fact, was not a factor in causing plaintiff's damage, that ends the matter. But if it shows his conduct was a factor in causing plaintiff's damage, then the further question is whether his conduct played such a part in causing the damage as makes him in the eye of law the author of such damage and liable therefor.

" 'It [the question of proximate cause] is always to be determined on the facts of each case upon mixed considerations of logic, common sense, justice, policy and precedent. * * * The best use that can be made of the authorities on proximate cause is

merely to furnish illustrations of situations which judicious men upon careful consideration have adjudged to be on one side of the line or the other.' (Street Foundations of Legal Liability (1906), 110)." Prosser on Torts (1941), 320.

The best definition and the most workable test of proximate or legal cause so far suggested seems to be this: "The actor's negligent conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm." (Restatement, Torts, Sec. 431). Prosser on Torts, 318.

Mrs. Stamper's negligence in blocking the highway was a substantial factor in causing plaintiff's damage. Indeed it was the most important factor, for it really put the others into operation. It need not have been the whole cause or the only factor. It was enough that her negligence was a substantial factor in causing plaintiff's injuries. Waller v. Skelton, 31 Tenn. App. 103, 115, 212 S.W. (2d) 690, and authorities there cited.

Nor does it matter that between her negligence and plaintiff's injuries there intervened the conduct of the first truck driver, which was not negligent, and the conduct of the second truck driver, which was negligent but not imputable to plaintiff. A defendant whose negligence was a legal cause of plaintiff's injuries will not be relieved from liability merely because the negligence of another contributed to such injuries. The joint and several liability of joint tort feasors rests on the idea that two or more causes may be charged with a single result. Prosser on Torts, 324; Morris v. Bolling, 31 Tenn.

App. 577, 585, 218 S.W. (2d) 754; Payne v. Woodard, 190 Tenn. 32, 38, 227 S.W. (2d) 47.

Nor was her negligence, as a legal or proximate cause of plaintiff's injuries, superseded by the intervening acts of the two truck drivers. Such acts were within the range of the risk created by her negligence, were reasonably foreseeable as a likely result thereof, and were not new, independent, or superseding causes; for her negligence was continuous and operative up to the instant of the collision, or so the jury might have found.

This conclusion is supported by a line of cases in which it was held that the negligence of one in obstructing the highway by a standing vehicle was not superseded by the negligence of another in running into such vehicle. Southern Bell Tel. & Tel. Co. v. Skaggs, 34 Tenn. App. 549, 241 S.W. (2d) 126; Barnes v. Scott, 35 Tenn. App. 135, 243 S.W. (2d) 133; Sellers v. American Industrial Transit, Inc., 35 Tenn. App. 46, 242 S.W. (2d) 335; Jaggers v. Southeastern Greyhound Lines, 6 Cir., 126 F. (2d) 762; Watson v. Southern Bus Lines, 6 Cir., 186 F. (2d) 981.

There is, however, another line of cases in which it was held that the negligence of one in obstructing the highway by a standing vehicle was superseded by another's negligence in running into such vehicle, and that the latter's negligence was the proximate cause of the accident. Hubbard v. Murray, 173 Va. 448, 38 S.E. (2d) 397; Medved v. Doolittle, 220 Minn. 352, 360, 19 N.W. (2d) 788, and cases cited in Annotation, 131 A.L.R. 564.

The test of whether a case falls within one line or the other of these cases seems to be this: Did the driver running into the standing vehicle see it in time to enable him, by use of due care, to avoid the collision?

If he did not, his negligence is merely a contributory cause; if he did, his negligence is the proximate cause. Kline v. Moyer, 1937, 325 Pa. 357, 191 A. 43, 111 A.L.R. 406. In the case just cited the Pennsylvania Supreme Court laid down these two rules:

"[1] Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause." 325 Pa. 357, 191 A. 46, 111 A.L.R. 410-411.

"[2] Where, however, the second actor does not become apprised of such danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable, the negligent acts of the two tort-feasors are contributing causes and proximate factors in the happening of the accident and impose liability upon both of the guilty parties." 325 Pa. 357, 191 A. 46, 111 A.L.R. 411.

In the case before us the driver of the second truck did not become apprised of the two vehicles obstructing his path until his own negligence, added to that of the existing perilous condition, made the collision inevitable; and therefore his negligence was only a contributing but not a superseding cause and did not relieve Mrs. Stamper of liability for her negligence; or so the jury might have found.

So much of the judgment of the Circuit Court as directed a verdict for defendants Warren Brothers Road

Company and its driver, Douglas Goodman, is affirmed. So much of the judgment as directed a verdict for defendant Mrs. Stamper is reversed, and the case will be remanded for a new trial as to her. The costs of the appeal in error are adjudged against her. Future costs will abide the outcome.

Howell and Hickerson, JJ., concur.