MARVIN DUNNIVANT

*v.*

NOLAN NAFE et al.

LUCILE HALL, b/n/f, etc.

*v.*

NOLAN NAFE et al.

MRS. VELMA LAYNE, Adm'x,

*v.*

NOLAN NAFE et al.

(*Nashville,* December Term, 1959.)

Opinion filed April 6, 1960.

ELMER L. COOKE and JOSEPH A. FREEMON, Lawrenceburg, for Marvin Dunnivant, Lucile Hall and Mrs. Velma Layne, Adm'x.

MACFARLAND & COLLEY, Columbia, for defendant Hines.

HARWELL, BOSTON & WEATHERFORD, Lawrenceburg, for Nolan Nafe and Merrill Nafe.

MR. JUSTICE FELTS delivered the opinion of the Court.

These three suits grew out of an accident to Dunnivant's automobile, injuring him and his daughter and killing his wife. He sued for the injuries to himself and the damages to his car, his daughter sued for her injuries, and Mrs. Layne, Administratrix, sued for the death of the wife; each of the suits being brought against

defendants, Nolan Nafe and his father Merrill Nafe, and Gerdis Buford Hines.

The declarations were demurred to, then amended, and, as amended, were met by further demurrers. The cases were heard together, and the Trial Judge sustained the demurrers and entered judgments dismissing the actions. Plaintiffs appealed in error, and the question debated here by learned counsel is whether the facts alleged in the declarations were sufficient to charge defendants with liability.

Inasmuch as each of the declarations averred the same facts as to how the accident and the injuries occurred, counsel for plaintiffs have directed attention to Dunnivant's declaration as stating the facts decisive of each of the cases; and since counsel for defendants have acquiesced in this procedure, we likewise follow it. The gist of the case averred by Dunnivant's declaration was this:—

Defendant Nolan Nafe was driving the automobile of his father, with the latter's consent, and defendant Gerdis Buford Hines was driving his automobile; and they negligently stopped and parked these cars near the crest of a steep hill on each side of the road so as to obstruct normal traffic and in a manner calculated to cause damage and injury to motorists using the road in a normal manner.

Plaintiff Dunnivant was driving his automobile in which his wife and daughter were riding. As he came up this steep hill and approached the crest of it, he saw these two automobiles in front of him, negligently parked on opposite sides of the road so as to obstruct his passage. "Plaintiff *stopped his automobile* and as a *result*

*of a brake failure,* his automobile rolled back down the hill and ran off a bridge overturning and demolishing said car and severely injuring your plaintiff". (Italics ours.)

The declaration, as amended, averred that defendants had negligently parked the automobiles at the top of the steep hill so as to create a situation of danger to motorists using the road with due care and in a normal manner; that plaintiff, operating his automobile in a prudent manner, came up the hill and suddenly saw these automobiles obstructing his passage; and, in this connection, the declaration further averred:

"That your plaintiff caught in this emergency by the negligence of defendants Nafe and Hines *brought his vehicle to an abrupt stop.* That immediately thereafter *his automobile went out of control* and started rolling backwards down this steep, dangerous hill. That said automobile continued to roll back down off the hill and ran off a bridge, overturning and completely destroying your plaintiff's automobile and severely injuring your plaintiff". (Italics ours.)

While the demurrers to the declarations, as originally filed, and also as amended, contained a number of grounds, all of such grounds went to the proposition that the declarations alleged no negligence on the part of defendants that was or could be the proximate or legal cause of the injuries sued for, but showed that such injuries were brought about by a new, independent, unforeseeable, intervening cause. The learned Trial Judge so held.

Taking the facts of the declarations as true and allowing every reasonable intendment in their favor, as we

must do in testing the declarations by demurrer, are they sufficient to state a cause of action against defendants?

■ As we have seen, they averred that defendants parked their automobiles on each side of the road near the crest of a steep hill so as to create a situation of danger to motorists using the road. In so doing, defendants were guilty of negligence, creating an unreasonable risk of harm to others; and they would be liable for all the injuries within the reasonable range of such risk, whether they could have been foreseen or not. *Spivey v. St. Thomas Hospital,* 31 Tenn.App. 12, 25, 211 S.W.2d 450; *Kingsport Utilities v. Brown,* 201 Tenn. 393, 401, 299 S.W.2d 653; *City of Chattanooga v. Rogers,* 201 Tenn. 403, 410, 299 S.W.2d 660; *Friendship Telephone Co. v. Russom,* 43 Tenn.App. 441, 309 S.W.2d 416, 419-421.

So, if a motorist, approaching the crest of this hill, as plaintiff was, using due care, but failing to see the parked cars in time, had collided with one of them, or if he had run off the road in an effort to avoid a collision; or if he had been injured in any other usual, normal way that might have been expected to result from such situation of danger, defendants would have been liable for the injury; or a jury might so find. See *Carney v. Goodman,* 38 Tenn.App. 55, 63-64, 270 S.W.2d 572, and authorities there cited.

Plaintiffs, however, were injured not in any of these ways that might have been expected, but in a wholly unexpected, abnormal and unforseeable manner. According to the declarations, plaintiff saw the situation of danger, *"stopped his automobile";* and then *"as a result*

*of a brake failure,"* or for some other unexplained reason, *"his automobile went out of control,"* and rolled backwards some distance down the hill, ran off the bridge, overturned, and thus caused the injuries sued for.

We think that when the plaintiff saw the danger due to defendants' negligence, and *"stopped his car,"* without injury from such danger, this was the end of such danger, defendants' negligence ceased to be operative, and was superseded by a new, independent, unforeseeable and intervening cause—"the brake failure," or plaintiff's loss "of control" of his car.

In that excellent work, I Street's The Foundations of Legal Liability (1906), p. 120, the author says: "Damage cannot be attributed to a given negligent act as its proximate cause when it appears that subsequent to that negligence, a new, independent, and unexpected factor intervenes which itself appears to be the natural and real occasion of the mischief. The intervening cause breaks the chain of legal causation and relieves the original negligent actor of responsibility" (citing and discussing numerous cases).

In 2 Restatement of Torts, section 440, superseding cause is defined: "A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." See also Prosser on Torts (2nd ed.), 274-277.

In *Moyers v. Ogle,* 24 Tenn.App. 682, 686, 148 S.W.2d 637, 639, opinion by Presiding Judge McAmis, it was said:

"Attempts to distinguish between proximate cause and an independent intervening cause, often a closely-drawn issue, have been the cause of much perplexity, but it is quite generally held that one who did nothing more than furnish the condition or give rise to the occasion by which an injury was made possible is not liable if there intervenes between such prior act creating the condition and the injury a distinct and unrelated but efficient cause of the injury." (citing numerous cases).

*Carney v. Goodman,* supra, is relied on by both parties. There, a motorist, approaching another car wrongfully obstructing the highway, negligently failed to see the car in time to stop or avoid a collision. It was held the drivers of both vehicles were joint tortfeasors; but the Court recognized another rule as follows [38 Tenn.App. 55, 63-64, 270 S.W.2d 576]:

" 'Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tortfeasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause.' " (citing cases).

We think this rule controls the cases before us; that when plaintiff saw the danger from defendants' obstruction of the road, stopped his car without harm from such danger, this was the end of it; that defendants' negligence ceased to be operative, and was superseded by a new, independent, intervening cause—plaintiff's "brake failure" or his loss of "control" of his car. See

cases cited in *Carney v. Goodman,* supra, 38 Tenn.App. 63, 64, 270 S.W.2d 576; *Stafford v. Consolidated Bus Lines, Inc.,* 179 Tenn. 185, 164 S.W.2d 15; *Jones v. Stewart,* 183 Tenn. 176, 191 S.W.2d. 439; *Ford Motor Co. v. Wagoner,* 183 Tenn. 392, 192 S.W.2d 840, 164 A.L.R. 364.

For these reasons we think the judgment of the Trial Judge, sustaining the demurrers, were correct and the same are affirmed. The costs of the appeals in error are adjudged against plaintiffs-in-error and the sureties on their cost bonds.