IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 17, 2017 Session

## TONY E. HANCOCK v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission**
**No. T20131030      Robert N. Hibbett, Commissioner,**
**Tennessee Claims Commission, Middle Division**

———————————————————

**No. M2016-01501-COA-R3-CV**

———————————————————

Appellant was injured in an automobile collision with a State Trooper. After a trial, the Claims Commissioner found in favor of the State and dismissed the claim. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission Affirmed**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and BRANDON O. GIBSON, JJ., joined.

Jon E. Jones, Cookville, Tennessee, for the appellant, Tony E. Hancock.

Herbert H. Slatery, III, Attorney General and Reporter; Andreé S. Blumstein, Solicitor General; Amanda S. Jordan, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## Background

On the night of February 25, 2012, Tennessee State Trooper Bobby Barker ("the Trooper") was driving westbound in a Tennessee Highway Patrol car on State Highway 70 in Cumberland County, Tennessee, a rural two-lane road. As he approached Highland Lane, he collided with Plaintiff/Appellant Tony E. Hancock's ("Appellant") black pick-up truck. The rear tires of Appellant's truck were stuck in a ditch, and, as a result, the front end of his truck sat perpendicular across the road, blocking the westbound travel lane. It is unclear whether Appellant was inside or outside of the truck, but he was subsequently found lying nearby in the driveway of a church. Both Appellant and the Trooper were administered blood alcohol tests. Appellant sustained serious injuries, incurring $368,282.28 in medical expenses.

On February 20, 2013, Appellant filed a statement of claim in the Tennessee Claims Commission against the State of Tennessee ("the State"). The claim alleged that the Trooper was negligent in operating his patrol car and that the State was liable for its employee's negligence. In the meantime, Appellant was also charged with driving under the influence in connection with the accident. In this criminal case, Appellant filed a motion to suppress the blood alcohol test evidence, and after a full evidentiary hearing, an order was entered suppressing the results because the destruction of the blood sample before Appellant could re-test it constituted spoliation. Appellant also filed a motion to suppress the toxicology report in the civil case on grounds of spoliation and constitutional violations. The Claims Commissioner denied Appellant's motion to suppress.

The claim was tried before the Claims Commissioner on March 22 and 23, 2016. The recording from the Trooper's dashboard camera was played for the Claims Commissioner, and a still photograph taken from the video recording was admitted into evidence. Appellant testified that he had no memory of the accident, its aftermath, or the five weeks prior thereto. There was no dispute that Appellant suffered catastrophic injuries as a result of the collision. The Trooper generally testified that he did not see Appellant's truck in the road until it was too late to avoid a collision. The Trooper could not recall if his high beam headlights were in use at the time of the collision but indicated his belief that such were not legally required. There was no dispute that the Trooper was traveling at an appropriate speed at the time of the collision or that the Trooper's toxicology report showed no evidence of intoxicating substances in the Trooper's system. Both the Trooper and the responding officer testified regarding their inspection of the vehicle and the scene, each noting the odor of alcohol near Appellant's truck. Each party called expert witnesses to testify as to whether the Trooper could have avoided the collision by utilizing his high beam lights and keeping a proper lookout.

An evidentiary dispute occurred during trial that is relevant to this appeal. Although the Claims Commissioner had previously ruled that constitutional and

spoliation issues did not prevent the State from introducing the results of Appellant's toxicology report, at trial, Appellant objected to the admission of this evidence on reliability and chain of custody grounds. The Claims Commissioner nevertheless allowed the report to be admitted into evidence, ruling that the report was self-authenticating.

At the conclusion of the proof, the Claims Commissioner took the matter under advisement. Each party thereafter submitted proposed findings of fact and conclusions of law. On July 24, 2016, the Claims Commissioner issued his written ruling containing detailed and thorough findings of fact and conclusions of law. Therein, the Claims Commissioner found that the Trooper was traveling at a safe speed and maintaining a proper lookout at the time of the collision but had not engaged his high beam headlights pursuant to state law. The Claims Commissioner found, however, that regardless of this failure, "if [the] Trooper [] bears any comparative fault, it is no more than twenty-five percent." In addition, the Commissioner ruled that because the Trooper could not have reasonably foreseen that Appellant's truck would be blocking the highway and the Trooper did not see the truck until it was too late to avoid the collision, the Trooper's negligence was not the proximate cause of the accident. The Commission therefore dismissed Appellant's claim. In reaching this result, the Commissioner stated that the results contained in the toxicology report allegedly performed on Appellant "ha[d] no bearing on the judgment because the truck was stationary at the time of the accident."

## Issues Presented

Appellant raises a number of claims in this appeal; however, we conclude that the issues here are as follows:

1. Whether the Commissioner erred in admitting the results of the toxicology report allegedly performed on Appellant following the collision.
2. Whether the Commissioner erred in dismissing Appellant's claim based upon issues of proximate cause and comparative fault.

## Discussion

Appellant's claim is governed by the Tennessee Governmental Tort Liability Act ("GTLA"). Under the GTLA, governmental immunity is removed for injuries resulting from the negligent operation of a motor vehicle or other equipment by an employee in the scope of employment. *See* Tenn. Code Ann. § 29-20-202(a). In this case, there is no dispute that the Trooper was a governmental employee acting in the scope of his employment in operating his vehicle at the time of the collision. Rather, Appellant argues that the Claims Commissioner erred in finding that he was the party more responsible for his injuries. Our review of the Claims Commissioner's judgment is governed by the rules applicable in all appeals to this Court. *See* Tenn. Code Ann. § 9-8-403(a)(1) ("The decisions of the individual commissioners or, when rendered, decisions of the entire

- 3 -

commission regarding claims on the regular docket may be appealed to the Tennessee court of appeals pursuant to the same rules of appellate procedure which govern interlocutory appeals and appeals from final judgments in trial court civil actions[.]"). We therefore review the Claims Commissioner's findings of fact de novo with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). No presumption of correctness, however, attaches to the Claims Commissioner's conclusions of law, and our review is de novo. *Blair v. Brownson*, 197 S.W.3d 681, 684 (Tenn. 2006) (citing *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000)).

Appellant first argues that the Claims Commissioner's decision was tainted by the erroneous admission of the report regarding the toxicology test allegedly performed on Appellant. Although Appellant raised constitutional challenges to the testing in the underlying proceeding, Appellant abandoned that argument on appeal. Rather, Appellant argues that the Claims Commissioner erred in admitting the report based on the following: (1) lack of foundation regarding the identity or qualifications of the person performing the blood test,[2] or the chain of custody; (2) lack of reliability indicating that Appellant was the individual tested[3] and lack of accuracy given Appellant's blood loss at the scene of the accident;[4] and (3) collateral estoppel based upon the previous ruling of the criminal court that the toxicology report was inadmissible due to spoliation of the sample.

Generally, the Claims Commissioner's decision regarding the admission of evidence is reviewed for an abuse of discretion. *Rothstein v. Orange Grove Ctr., Inc.*, 60 S.W.3d 807, 811 (Tenn. 2001). In *Ingram v. Phillips*, 684 S.W.2d 954 (Tenn. Ct. App. 1984), this Court held that when the case is tried without a jury, the admission of inadmissible evidence will be insufficient to require reversal of the judgment where

---

[2] Appellant argues that such evidence was required for the hearsay toxicology report to be admitted pursuant to Tennessee Code Annotated section 55-10-408(a), which provides:

> The procurement of a sample of a person's blood for the purpose of conducting a test to determine the alcohol content, drug content, or both, of the blood shall be considered valid if the sample was collected by a person qualified to do so, as listed in § 55-10-406(b)(1), or a person acting at the direction of a medical examiner or other physician holding an unlimited license to practice medicine in Tennessee under procedures established by the department of health.

The statute further provides that a toxicology report made pursuant to this section will "be admissible, in any criminal proceeding, as evidence of the facts therein stated[.]" Tenn. Code Ann. § 55-10-408(d). Appellant argues that it is therefore inapplicable to render the report admissible in a civil proceeding.

[3] In support of this argument, Appellant notes that evidence at trial showed that the toxicology test was originally marked as being performed on "John Doe," and that Appellant's name was added later.

[4] In support of this argument, Appellant notes that evidence at trial showed that the toxicology test was performed nearly two hours after the accident occurred and after Appellant received 3,000 mL of fluid, and 200 mL of packed red blood cells, which Appellant argues could have distorted the results.

"there is ample evidence to support the [trial judge's or claims commissioner's] judgment without the consideration of the so-called 'hearsay' testimony." *Id.* at 956. Rather, any error in that situation is merely harmless. *Id.* (citing Tenn. R. App. P. 36(b) ("A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process.")). This rule is especially applicable here where the Claims Commissioner explicitly noted that the toxicology report "had no bearing on the judgment[.]" Because we conclude that the Claims Commissioner's judgment is supported by the preponderance of the evidence even in the absence of the toxicology report, we need not tax the length of this Opinion with consideration of the Claims Commissioner's alleged evidentiary error. We will therefore proceed to discuss whether the evidence in the record preponderates against the Claims Commissioner's findings.

Here, the Claims Commissioner appears to have dismissed Appellant's claim on two alternative bases: 1) that the Trooper was no more than twenty-five percent at fault for the collision; and (2) the Trooper's negligence, if any, was not the proximate cause of the accident. Under the GTLA, in order to hold a governmental actor liable for negligence, the fact-finder must "first determine that the employee's or employees' act or acts were negligent and the proximate cause of plaintiff's injury." Tenn. Code Ann. § 29-20-310(a). This is consistent with the essential elements applicable in all negligence cases. *See Potts v. Nashville Elec. Serv.*, No. M2005-00368-COA-R3-CV, 2006 WL 468727, at *3 (Tenn. Ct. App. Feb. 27, 2006) (noting that causation is an element in common law negligence claims, as well as statutory GTLA claims); *Keaton v. Hancock Cnty. Bd. of Educ.*, 119 S.W.3d 218, 224 (Tenn. Ct. App. 2003) (holding that the claim was "controlled by general principles of negligence and the GTLA"). As such, in order to prevail on a claim of negligence, a plaintiff must show the following essential elements: "'(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause.'" *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009) (quoting *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995)).

The Claims Commissioner's decision also involves an analysis of comparative fault. In *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn.1992), the Tennessee Supreme Court adopted a system of modified comparative fault applicable in tort actions wherein "so long as a plaintiff's negligence remains less than the defendant's negligence the plaintiff may recover; in such a case, plaintiff's damages are to be reduced in proportion to the percentage of the total negligence attributable to the plaintiff." *Id.* at 57. Accordingly, Appellant may only recover if the evidence shows that the Trooper was more than fifty percent at fault for Appellant's injuries. Both proximate cause and determinations regarding comparative fault are issues of fact, which we review with a presumption of correctness. *See Hale v. Ostrow*, 166 S.W.3d 713, 718 (Tenn. 2005) (involving proximate cause); *Green v. Roberts*, 398 S.W.3d 172, 178 (Tenn. Ct. App.

2012) (involving comparative fault). For the evidence to preponderate against a finding of fact, it must support another finding of fact with greater convincing effect. *4215 Harding Road Homeowners Ass'n. v. Harris*, 354 S.W.3d 296, 305 (Tenn. Ct. App. 2011); *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000).

Appellant argues that the Claims Commissioner erred in assigning any fault to him due to the fact that Appellant had no memory of the accident or how his truck came to be parked in the road. Here, the Claims Commissioner credited Appellant's testimony that he had no memory of the collision or the five weeks preceding it. The State does not dispute this finding. Tennessee law recognizes that "an amnesiac is afforded the presumption that he acted with due care [however,] such presumption continues only in the absence of evidence to the contrary." *Jeffreys v. Louisville & N. R. Co.*, 560 S.W.2d 920, 921 (Tenn. Ct. App. 1977). The presumption is not evidence that the defendant was negligent, does not shift the burden of proof, and does not authorize speculation as to the cause of any accident. *Stinson v. Daniel*, 414 S.W.2d 7, 9 (Tenn. 1967).

In this case, the Claims Commissioner recognized and applied the presumption of due care given Appellant's memory loss but found that the presumption was rebutted by circumstantial evidence that Appellant "was in control of his vehicle at the time it came to be stationary in the road" and therefore was "legally responsible for its location at the time of the accident." Whether the presumption of due care has been rebutted is again a question of fact that this Court reviews with a presumption of correctness. *See Fergus v. Action Cartage & Distribution, Inc.*, No. 60, 1990 WL 43463, at *5 (Tenn. Ct. App. Apr. 17, 1990) (noting that the issue of whether the presumption of due care applied was a question of fact for the fact-finder).

Appellant has not shown that the evidence preponderates against the Claims Commissioner's finding on this issue. Here, there is no dispute that Appellant was the only person driving his truck prior to it coming to rest in the roadway and that therefore he had sole control over the vehicle. In addition, the dashboard camera video shows that the weather the night of the accident was clear. The video likewise shows no obstructions in the roadway that would have caused Appellant's car to come to rest perpendicular to the road, blocking the roadway. Indeed, evidence at trial from the Trooper showed that the vehicle's engine was still running, even after the collision. In addition, both the Trooper and a responding officer testified that they noticed the odor of alcohol at the scene near Appellant's truck. The Claims Commissioner expressly credited both the Trooper's and the officer's testimony on these issues. When the resolution of the issues in a case depends upon the truthfulness of witnesses, the trial judge who has the opportunity to observe the manner and demeanor of the witnesses while testifying is in a far better position than this Court to decide those issues. *In re Arteria H.*, 326 S.W.3d 167, 176 (Tenn. Ct. App. 2010) (citing *McCaleb v. Saturn Corp.*, 910 S.W.2d 412, 415 (Tenn. 1995)). If the Claims Commissioner's factual determinations are based on his assessment

of witness credibility, this Court will not reevaluate that assessment absent clear and convincing evidence to the contrary. ***Franklin Cnty. Bd. Of Educ. v. Crabtree***, 337 S.W.3d 808, 811 (Tenn. Ct. App. 2010) (citing ***Jones v. Garrett***, 92 S.W.3d 835, 838 (Tenn. 2002)). Here, there is no clear and convincing evidence to undermine the Claims Commissioner's credibility findings regarding these witnesses. Based on the record as a whole, we must conclude that the evidence does not preponderate against the Claims Commissioner's factual finding that the presumption of due care was rebutted by evidence that Appellant's own negligence caused his truck to come to rest blocking the roadway.

Having affirmed the Claims Commissioner's ruling that the presumption of due care was rebutted and Appellant was at least partially responsible for the collision, Appellant next argues that the Claims Commissioner erred in determining that the Trooper's negligence was not the proximate cause of the collision and assigning, at most, twenty-five percent of the fault to the Trooper, thereby preventing any recovery by Appellant. Here, the Claims Commissioner found that the Trooper was driving at an appropriate rate of speed and keeping a proper lookout, but that he did commit negligence by failing to utilize his high beam headlights. *See* Tenn. Code Ann. § 55-9-407 (requiring an "upper distribution of light" while operating a motor vehicle in certain situations). In addition, the Claims Commissioner found that the Trooper "did not see the truck until the moment before he struck it." Accordingly, the Claims Commissioner ultimately ruled that the Trooper's conduct was not the proximate cause of the collision.

Here, the parties presented competing expert testimony as to whether the Trooper could have avoided the accident had he exercised a proper lookout. The Claims Commissioner expressly credited the testimony and findings of the expert offered by the State. Appellant has shown no clear and convincing proof to undermine the Claims Commissioner's credibility finding on this issue, and we must therefore accept the Claims Commissioner's finding for purposes of this appeal. SIee ***Jones***, 92 S.W.3d at 838. According to the State's expert, the Trooper was unable to avoid the accident because the truck did not become visible in a sufficient amount of time for the Trooper to appropriately react.

Appellant argues, however, that the State's expert's opinion is based on the fact that the Trooper had not engaged his high beam headlights at the time of the accident. Rather, Appellant notes that his expert testified that had high beam lights been engaged prior to the collision, the Trooper would have been able to see approximately 500 feet ahead, allowing sufficient visibility to avoid the accident even under the State's expert's calculations. Appellant therefore argues that the Trooper was "the last wrongdoer with a reasonable opportunity to avoid the accident" and therefore the proximate cause of the collision pursuant to the last clear chance doctrine. ***Gray v. Roten***, No. W2010-00614-COA-R3-CV, 2011 WL 236115, at *8 (Tenn. Ct. App. Jan. 18, 2011).

Appellant's argument is unavailing for two reasons. First, as noted by both parties, the last clear chance doctrine had been "subsumed into Tennessee's system of comparative fault." *McIntyre*, 833 S.W.2d at 57. Under this system, the "circumstances formerly taken into account" under the last clear chance doctrine are "addressed when assessing relative degrees of fault." *Id.* Thus, even if this Court were to conclude that the Trooper had the last clear chance to avoid the accident, a fact not found by the Claims Commissioner, such a conclusion could "not form the only basis for fault" against the Trooper. *Gray*, 2011 WL 236115, at *8. Thus, even if the Trooper could have avoided the accident by engaging his high beams, this fact is but one of many factors that must be compared to determine the parties' relative degrees of fault.

Additionally, we note that the Claims Commissioner expressly stated that he did not accredit the portion of Appellant's expert's testimony regarding the Trooper's ability to see the truck in the road if high beam headlights had been engaged. Again, no clear and convincing evidence has been presented to rebut this explicit credibility finding. Moreover, Appellant's expert admitted in his testimony that his conclusion was based upon supposition, having never examined the Trooper's car or calculated the actual visibility increase when the patrol car's high beam headlights were operating. Rather, the Claims Commissioner concluded that the totality of the evidence supported a finding that the Trooper's only negligence was his failure to engage his high beam headlights and that this failure was simply not a substantial factor in the collision, as required to sustain a finding of proximate cause. As explained by the Tennessee Supreme Court:

> In Tennessee, courts use a three-pronged test to assess proximate cause:
>
> > 1) the tortfeasor's conduct must have been a 'substantial factor' in bringing about the harm being complained of; and 2) there is no rule or policy that should relieve the wrongdoer from liability because of the manner in which the negligence has resulted in the harm; and 3) the harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence.

*King v. Anderson Cnty.*, 419 S.W.3d 232, 247 (Tenn. 2013) (quoting *Hale v. Ostrow*, 166 S.W.3d 713, 719 (Tenn. 2005)). In another case, this Court has held that the act of blocking a roadway "was a substantial factor in causing plaintiff's damage." *Carney v. Goodman*, 38 Tenn. App. 55, 62, 270 S.W.2d 572, 575 (Tenn. Ct. App. 1954). In fact, the Court held that "it was the most important factor, for it really put the others into operation." *Id.* In contrast, given the Claims Commissioner's rejection of Appellant's evidence that the Trooper's failure to engage his high beam headlights had any effect on the Trooper's ability to see the truck and avoid the accident, the evidence does not preponderate against the Claims Commissioner's finding that this failure was not a

"substantial factor" in the collision. Rather, considering the evidence as a whole and the Claims Commissioner's explicit credibility findings, the record supports the Claims Commissioner's finding that the Trooper could not have avoided the accident and therefore was not the proximate cause, or alternatively, was responsible for no more than twenty-five percent of the fault, for causing the collision. Because there is sufficient evidence in the record to support the trial court's ultimate finding in favor of the State without consideration of the toxicology report, we conclude that any alleged error regarding the admission of the toxicology report was harmless. *See **Ingram***, 684 S.W.2d at 956. The judgment of the Claims Commissioner is therefore affirmed.

## Conclusion

The judgment of the Tennessee Claims Commission is affirmed, and this cause is remanded for all further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellant, Tony E. Hancock, and his surety, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE